UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

MARYANN MALTESE,

        Plaintiff,

v.

SUFFOLK COUNTY POLICE DEPARTMENT; SUFFOLK COUNTY DISTRICT ATTORNEY; KEVIN CATALINA, Suffolk County Police Commissioner; NEW YORK STATE LEGISLATURE; SUPREME COURT OF NEW YORK, SUFFOLK COUNTY; DAVID GRIER; JUSTICE RICHARD AMBRO, Supreme Court of New York, Suffolk County,

        Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
1:25-CV-1292 (RPK) (MMH)

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Maryann Maltese brings this action against, among others, Justice Richard Ambro of the Supreme Court of New York, Suffolk County, and Suffolk County Police Commissioner Kevin Catalina. For the reasons set forth below, the Court grants defendants Ambro's and Catalina's motions to dismiss.

    The complaint consists of handwritten answers to questions in a form complaint, along with attached exhibits. *See generally* Compl. (Dkt. #1). Plaintiff appears to allege that certain defendants arrested and prosecuted her for aggravated harassment under New York law without probable cause. *Id.* at 5. The complaint also alleges that clerks in the Supreme Court of New York, Suffolk County, barred her from filing an answer in a separate suit involving the Suffolk County Police Department. *Id.* at 5, 8–17. Plaintiff brings claims under 18 U.S.C. § 242 and 42

1

U.S.C. § 1983 against the police department, Commissioner Catalina, the Suffolk County District Attorney, the New York State Legislature, the Supreme Court of New York, clerk David Grier, and Justice Ambro.[1]  *Id.* at 2–3, 6.  Defendants Ambro and Catalina each moved to dismiss the complaint for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim.

The motions to dismiss are granted based on insufficient service of process.  When a defendant moves to dismiss a complaint for improper service of process, "the plaintiff bears the burden of proving adequate service."  *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (citation omitted).

Plaintiff does not specify whether she sued defendants Ambro and Catalina in their personal or official capacities (or both), but she failed to effect proper service in either case.  An official-capacity suit is "in effect a claim against the governmental entity itself."  *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012).  Per the Federal Rules, a state entity may be served by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving" a like summons.  Fed. R. Civ. P. 4(j)(2).  New York law prescribes that a state officer "sued solely in an official capacity" shall be served by "(1) delivering the summons to such officer or to the chief executive officer of such agency or to" their designee, or "(2) by mailing the summons by certified mail . . . to such officer or to the chief executive officer of such agency, and by personal service upon the state" by delivering the summons to an assistant attorney general at an Attorney General's office, or to the Attorney General within the State.  N.Y. C.P.L.R. § 307.  If plaintiff sues Catalina as an

---

[1] The Clerk of Court is respectfully directed to amend the caption to limit the defendants to the seven parties enumerated in the complaint: the Suffolk County Police Department; the Suffolk County District Attorney; Commissioner Catalina; the New York State Legislature; the Supreme Court of New York, Suffolk County; law clerk David Grier; and Justice Ambro.  Compl. 2–3.

2

officer of Suffolk County, summons must be "deliver[ed]" to "the chair or clerk of the board of supervisors, clerk, attorney or treasurer." *Id.* § 311(a)(4). And to serve the New York Supreme Court, Suffolk County, plaintiff must deliver the summons "to any one of" its judges. *Id.* § 312.

Plaintiff meets none of these standards. Her proofs of service indicate that she mailed a copy of the summons to each defendant by priority mail. *See* Summons (Dkt. #6). But nothing in the record suggests that plaintiff delivered the summons to the relevant chief executive officers, the appropriate county officials, an assistant attorney general, or the defendants. *See Dinsio v. App. Div., Third Dep't*, No. 16-CV-324 (GTS/CFH), 2016 WL 11807175, at *1 (N.D.N.Y. July 25, 2016) (collecting cases finding mail service alone insufficient under Rule 4(j)); *Jimenez-Fogarty v. Fogarty*, No. 24-CV-8705 (JLR) (GWG), 2025 WL 2775988, at *11 (S.D.N.Y. Sept. 30, 2025) (finding mail service alone insufficient under N.Y. C.P.L.R. § 307); *Sander v. Off. of Comptroller of Currency*, No. 15-CV-5879 (VSB), 2016 WL 11951030, at *5–6 (S.D.N.Y. Sept. 29, 2016) (similar reading of Fed. R. Civ. P. 4(h)). While New York law permits service by first class mail "[a]s an alternative," plaintiff has not produced a requisite "signed acknowledgement of receipt." N.Y. C.P.L.R. § 312-a; *see Smith v. Smith*, No. 19-CV-1638 (AMD) (RML), 2020 WL 6334794, at *3 (E.D.N.Y. Oct. 29, 2020).

Nor has plaintiff demonstrated that she properly served defendants in their personal capacities. Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be personally served by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each" to an authorized agent. An individual may also be served in any manner permitted by state law. Fed. R. Civ. P. 4(e)(1). New York law allows service on an individual by a combination of delivery to the

3

individual's place of business and mail, N.Y. C.P.L.R. § 308(2), but service by mail alone is inadequate, *Dixon v. Stedman*, No. 22-CV-3581 (RPK) (LB), 2023 WL 2710405, at *5 (E.D.N.Y. Mar. 30, 2023). Plaintiff's receipts, which indicate only that she sent summons to the officers by priority mail, do not satisfy the requirements for service.

Accordingly, the Court lacks personal jurisdiction over defendants because plaintiff has not established proper service. Considering plaintiff's filings, which do not respond to defendants' briefs, explain the failure to serve, or request an extension of time to complete service, I decline to extend plaintiff's time to serve defendants. *See* Fed. R. Civ. P. 4(m); *Bey v. Nassau Cnty. Dist. Att'y's Off.*, No. 21-CV-5714 (RPK) (PK), 2022 WL 1469401, at *3–4 (E.D.N.Y. May 10, 2022).

Plaintiff's claims against defendants Ambro and Catalina are dismissed without prejudice for insufficient service of process. While the remaining defendants have not moved to dismiss, the foregoing reasons appear to apply to them too. Accordingly, plaintiff is also ordered to show cause in writing by November 28, 2025, why the Court should not dismiss the complaint as to all defendants. *See Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994).

SO ORDERED.

    /s/ Rachel Kovner
    RACHEL P. KOVNER
    United States District Judge

Dated: October 29, 2025
       Brooklyn, New York